UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER MYERS, et al.,

          Plaintiffs,

      v.

CITY OF AUBURN, et al.,

          Defendant.

No.  2:26–cv–00369–DC–CKD PS

ORDER

(ECF Nos. 6, 22, 25)

Pending before the Court are Defendants City of Auburn, Diamond Ridge Estates Homeowners Association, Eugene Burger Management Corporation, Eugene Burger Management of Auburn, Linda Martin, Tony Merjano, and Ray Green's motions to dismiss. (ECF Nos. 6, 22, 25.) Plaintiffs are appearing without counsel. Pursuant to Local Rule 230(g), the Court submitted the motion upon the record and briefs on file and vacated the May 13, 2026, hearing.

For the reasons that follow, Defendant City of Auburn's motion to dismiss: (1) Plaintiffs' ADA, Fifth Amendment takings, and Inverse Condemnation claims (ECF No. 6) is DENIED; (2) Plaintiff's *Monell* claim (ECF No. 6) is GRANTED with leave to amend.

The Eugene Burger and Diamond Ridge Defendants' motions to dismiss: (1) for lack of subject matter jurisdiction (ECF Nos. 22, 25) is DENIED; for an improper Defendant as to Defendant Eugene Burger Corp. (ECF No. 6) is GRANTED with leave to amend; (3) Plaintiffs' FHA claims as to Defendants Eugene Burger Auburn, Diamond Ridge, Martin, Merjano, and

1

Green (ECF Nos. 22, 25) is GRANTED with leave to amend; (4) Plaintiffs' breach of settlement agreement claim as to Defendant Diamond Ridge (ECF No. 25) is GRANTED with leave to amend; (5) Plaintiffs' breach of fiduciary duty claims as to Defendants Eugene Burger Auburn, Diamond Ridge, Martin, and Merjano (ECF Nos. 22, 25) is GRANTED with leave to amend; (6) Plaintiffs' negligence claim as to Defendants Eugene Burger Auburn, Diamond Ridge, and Green (ECF Nos. 22, 25) is GRANTED with leave to amend; (7) Plaintiffs' financial elder abuse claim as to Defendants Eugene Burger Auburn, Diamond Ridge, Martin, and Merjano (ECF Nos. 22, 25) is GRANTED with leave to amend.

**BACKGROUND**

Plaintiffs Roger and LaRonda Myers are married homeowners who entered into a settlement agreement with Defendant Diamond Ridge Estates Homeowners Association ("Diamond Ridge"). (ECF No.1 at ¶ 18.) Plaintiffs allege the settlement agreement "imposed continuing obligations on the [Homeowners' Association] HOA," and provided that "upon request and completion of a boundary line adjustment in recordable form, the HOA would transfer title of… approximately 1,200 square feet to Plaintiffs in fee simple…" *Id*. Plaintiffs allege they would go on to pursue the line adjustment contemplated by the settlement agreement, "retained professional survey services, and incurred substantial costs to prepare recordable materials." *Id*. at ¶ 23. Plaintiffs allege Defendant Diamond Ridge did not cooperate in completing the boundary line adjustment, which Plaintiffs allege harmed their property's marketability. *Id*. at ¶¶ 25-27. Plaintiffs also allege the HOA and other Defendants agreed to pay Plaintiffs $60,000 if Plaintiffs tendered $30,000 as a "community-wide peace offering to reduce hostility and restore normal relations," and distribute the funds among HOA members *Id*. at ¶¶ 20-21. Plaintiffs allege Defendants failed to "provide a complete accounting" of the $30,000 in settlement funds. *Id*. at ¶ 22.

Plaintiffs allege in or before October 2024, Defendant City of Auburn began work on an uplift station near Plaintiffs' property. *Id*. at ¶ 28C. Plaintiffs allege that prior to the beginning of construction, they granted Defendant City of Auburn an easement limited to underground use only. *Id*. at ¶ 28A. Plaintiffs allege that Defendant City of Auburn exceeded the scope of the

easement by "installing and maintaining above-ground municipal features and configurations that encroached into Plaintiffs' usable space. *Id*. at ¶ 28B. Plaintiffs allege that in or about November 2024 through January 2025 Defendant City of Auburn "began reconfiguring the area adjacent to Plaintiffs' residence, including curb/interface changes that reduced Plaintiffs' usable maneuvering area." *Id*. at ¶ 29A. Plaintiffs allege Defendant City of Auburn installed a chain-link fence along the curb line adjacent to Plaintiffs' residence and describe the current configuration as "industrial-appearing and more visible than before, including insufficient screening and exposed elements that diminish neighborhood character…" *Id*. at ¶¶ 29A, 31. Plaintiffs further allege a red curb was "painted and implemented" by Defendant City of Auburn on or about June 12, 2025, allegedly in response to complaints about Defendant's alleged encroachment and configuration. *Id*. at ¶ 33.

Plaintiffs make additional allegations, including that Defendant Diamond Ridge and HOA board and management erred by not taking timely or corrective action in response to a common-area fence collapsing on or about December 24, 2025, *Id*. ¶ 41, and that Defendants allegedly ignored Plaintiffs' long history of leaving an accumulated credit balance on HOA monthly assessments, leading to an alleged threat in March 2023 of a lien being imposed. *Id*. at ¶¶ 42-44.

Plaintiffs commenced this action on February 10, 2026, naming the City of Auburn, California; Diamond Ridge; Eugene Burger Management Corporation, an entity directing HOA management services; Eugene Burger Management of Auburn, a subsidiary that represents the local management entity; Linda Martin, the HOA Board President; Tony Merjano, the HOA Board Treasurer; and Ray Green, the HOA Board Member allegedly responsible for common area/landscape maintenance and oversight. (ECF No. 1.) Plaintiffs allege the City of Auburn violated Title II of the Americans with Disabilities Act, violated the Takings Clause of Fifth Amendment to the United States Constitution, and Article I, Section 19 of the California Constitution. *Id*.

Plaintiffs also allege Defendants Eugene Burger Management Corporation ("Eugene Burger Corp."); Eugene Burger Management of Auburn ("Eugene Burger Auburn") (collectively, "Eugene Burger Defendants"); Defendants Diamond Ridge Estates; Martin; Merjano; and Green (collectively, "Diamond Ridge Defendants") violated the Fair Housing Act. *Id*. Plaintiffs also

3

allege Defendant Diamond Ridge breached its settlement agreement with Plaintiffs. *Id*. Plaintiffs further allege Eugene Burger Defendants, Diamond Ridge, Martin, and Merjano breached their fiduciary duties to Plaintiffs via accounting and record violations. *Id*. Plaintiffs also allege Eugene Burger Defendants, Diamond Ridge, and Green were negligent in failing to maintain fencing near Plaintiffs' property. *Id*. And finally, Plaintiffs allege Eugene Burger Defendants, Diamond Ridge, Martin, and Merjano committed elder financial abuse. *Id*.

On March 4, 2026, Defendant City of Auburn filed a motion to dismiss, and later amended their motion on March 5, 2026, with a hearing noticed for April 8, 2026. (ECF Nos. 6, 9.) On March 9, 2026, Plaintiffs filed a motion for court-ordered alternative service to serve Defendants Martin and Green. (ECF No. 12.) On March 12, 2026, Plaintiffs filed an opposition to Defendant City of Auburn's motion to dismiss. (ECF No. 16.) On March 17, 2026, Defendant Diamond Ridge filed an opposition to Plaintiffs' motion for court-ordered alternative service. (ECF No. 20.) On March 18, 2026, Defendant City of Auburn replied to Plaintiffs' opposition. (ECF No. 21.) Also on March 18, 2026, Eugene Burger Defendants filed a motion to dismiss with a hearing noticed for May 13, 2026. (ECF No. 25.) Plaintiffs filed an opposition to Eugene Burger Defendants' motion to dismiss on March 24, 2026. (ECF No. 23.) On March 30, 2026, Diamond Ridge Defendants filed a motion to dismiss with a hearing also noticed for May 13, 2026. (ECF No. 25.) Eugene Burger Defendants replied to Plaintiffs' opposition on April 1, 2026. (ECF No. 26.) On April 8, 2026, the Court reset the hearing on the motions to dismiss to May 13, 2026. (ECF No. 27.) On April 10, 2026, Plaintiffs filed an opposition to the Diamond Ridge Defendants' motion to dismiss. (ECF No. 28.) On April 17, 2026, Diamond Ridge Defendants replied to Plaintiffs' opposition. (ECF No. 29.) On April 28, 2026, the Court denied Plaintiffs' motion for court-ordered alternative service as moot. (ECF No. 30.) On May 7, 2026, the Court vacated the hearing on the motion to dismiss pursuant to Local Rule 230(g). (ECF No. 31.) On May 15, 2026, the Court issued an order to show cause why Plaintiffs' failure to accommodate claim under the Federal Housing Act, 42 U.S.C. § 3604(f)(3)(B), should not be dismissed without leave to amend. (ECF No. 32.) Plaintiffs filed a response to the order to show cause on May 26, 2026. (ECF No. 33.) Eugene Burger Defendants and Diamond Ridge Defendants filed a reply on

4

May 29, 2026. (ECF No. 34.) Briefing is now complete.

**LEGAL STANDARDS**

Federal courts are courts of limited jurisdiction.  A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction to hear the complaint.  A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); *accord Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the Court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the Court may not consider facts raised outside the Complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**DISCUSSION**

Defendant City of Auburn has filed a motion to dismiss, arguing that two of Plaintiffs' Americans with Disabilities Act theories of liability as well as Plaintiffs' takings theories are invalid as a matter of law. Plaintiffs counter that they have pled plausible ADA claims as well as

5

stated a much broader property interest in their takings theories.

Eugene Burger Defendants have also filed a motion to dismiss, arguing that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs appear to bring a claim under the Federal Housing Act ("FHA") for the sole purpose of attaining Federal Question Jurisdiction. Defendants also argue that the remaining common law claims should be dismissed for lack of jurisdiction, as the remaining federal claims in this action are associated with Defendant City of Auburn and do not arise out of the same transaction or occurrence. Defendants also argue that even if the Court were to find Plaintiffs have properly alleged subject matter jurisdiction, each of Plaintiffs' causes of action should also be dismissed under Federal Rule of Civil Procedure 12(b)(6). Likewise, Diamond Ridge Defendants have filed a motion to dismiss, echoing many of the same arguments as Eugene Burger Defendants. Plaintiffs have opposed both motions to dismiss, arguing that they have plausibly alleged their federal and state claims against all Defendants.

### A. Requests for Judicial Notice (ECF Nos. 6, 22, 25)

A court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b). Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily be determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b); *see Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Defendant City of Auburn requests the Court judicially notice a photograph of a red curb taken by Defendant's counsel of record Joe Little as well as a Google Street View image of Plaintiffs' street front taken in January 2025. (ECF No. 6-2 at 1.) Defendant argues that "[t]he Court may take judicial notice of photographs of (*sic*) submitted in opposition to a motion to dismiss where there can be no reasonable dispute about the photograph's authenticity." (ECF No. 6-2) (citing *San Diego Branch of NAACP v. City of San Diego*, 2017 WL 2445541, at *2 fn. 1

(S.D. Cal. Jun. 6, 2017); *Sperling v. Stein Mart, Inc.* 2016 WL 8925347, at *3 (C.D. Cal. Jan. 26, 2016); *Barnes v. Campbell Sout Co.*, 2013 WL 5530017, at *2 (N.D. Cal. July 25, 2013). Defendant additionally argues that the Court may take judicial notice of images from Google Street View. *Id.* citing *Hernandez v. Caliber Bodyworks, LLC,* 2022 WL 1002450, at *4 (N.D. Cal. Apr. 4, 2022); *Mayer v. City of San Jose*, 2024 WL 4202366, at *4 (N.D. Cal. Sept. 16, 2024); *Hillman v. Lexicon Consulting, Inc.*, 2016 WL 10988766, at *2 fn. 1 (C.D. Cal. July 27, 2016).

Plaintiffs argue that Defendant's request for judicial notice "should not expand the motion" from a motion to dismiss to a motion for summary judgment, but they do not oppose Defendant's request for judicial notice in its entirety and appear to concede the accuracy of the images. (ECF No. 16 at 13-14.) Therefore, the Court judicially notices the images of the red curb taken by Defendant's counsel of record Joe Little and the Google Street View image of Plaintiffs' street front taken January 2025.

Eugene Burger Defendants and Diamond Ridge Defendants have made identical requests for judicial notice of the Second Restated Covenants, Conditions, and Restrictions of Diamond Ridge Estates (CC&R's), a subdivision map entitled "Assessor's Map," which depicts a portion of the Southwest Quarter of Section 21, T.12N, R.8.E, M.D.M City of Auburn, County of Placer, State of California, Date April 1991 and filed in the Official Records of Placer County of August 23, 1991, and a pre-filing order in reference to Placer County Superior Court Case No. S-CV-004565 declaring Defendant Roger Myers a vexatious litigant in the State of California. (ECF Nos. 22-2 at 1-2, 25-2 at 1-2.) Plaintiffs appear to oppose only Eugene Burger Defendants' request for judicial notice, but solely on the grounds that Defendants are using the requested records to be noticed to resolve factual disputes in their favor. (ECF No. 23 at 7.) However, the Court concludes that the records Defendants' request are proper subjects for judicial notice, and grant Eugene Burger Defendants and Diamond Ridge Defendants' requests. *See MGIC Indem. Corp. v. Weisman*, 803 F. 2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings.")

/////

**B. Defendant City of Auburn's Motion to Dismiss**

  **a. Failure to State a Claim**

   **1. Title II of the Americans with Disabilities Act ("ADA")**

Defendant City of Auburn moves to dismiss two of Plaintiffs' theories of liability arising under Title II of the ADA.  Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II authorizes individuals to seek redress for violations by bringing suits for injunctive relief or money damages. 42 U.S.C. § 12133.

"To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Weinreich v. Los Angeles County Metropolitan Transp. Authority*, 114 F.3d 976, 978 (9th Cir. 1997) (citing 42 U.S.C. § 12132). The proper defendant in an ADA action is a public entity. *Vinson v. Thomas*, 288 F.3d 1145, 1155-56 (9th Cir. 2002).

Defendant City of Auburn argues that two of Plaintiffs' four theories of liability fail as a matter of law: Plaintiffs' allegations that Defendant engaged in disability discrimination when it 1) replaced the wooden gate at the uplift station with a chain link gate, and 2) painted the curb red in front of the station, thereby depriving the Myers household of a parking spot. (ECF No. 6-1 at 4.)

With respect to the chain link gate, Defendant argues that a change in the material in which the gate was made should be dismissed as a nonsensical theory of disability discrimination under the ADA. *Id*. citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In *Denton*, the Supreme Court stated, "a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,'" and "appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict

them." 504 U.S. at 33.

Plaintiffs argue that the Complaint "[does] not allege that appearance alone violates the ADA," but rather, that the changes have "created a practical barrier to access and mobility," by impacting loading and unloading for disabled members of Plaintiffs' household. (ECF No. 16 at 6, 8.) Upon review of the ADA claim, the Court finds that Plaintiffs do not allege disability-related injury based on the appearance of the uplift station. (*See* ECF No. 1 at ¶ 47-49A.) Therefore, the Court denies Defendant's motion to dismiss as to the wooden gate theory of ADA liability.

Next, Defendant moves to dismiss Plaintiffs' ADA claim as applied to the deletion of a preferred parking spot. (ECF No. 6-1 at 4.) Defendant cites two judicially noticed photographs of Plaintiffs' address, arguing that there are two parking spaces closer to Plaintiffs' house than to where the red curb was painted. *Id.* Defendant argues Plaintiffs have failed to state a denial of meaningful access, and by extension, a Title II ADA claim. *Id.*

Plaintiffs allege that the deprival of a parking space was pled as a part of Defendant's overall access reconfiguration, and not as a free-standing theory of liability. (ECF No. 16 at 8.) Additionally, Plaintiffs argue that the judicially noticed photographs of Plaintiffs' home do not resolve additional factual issues raised by the Complaint, including "grade transition, van clearance, ramp deployment, maneuvering limits, or the practical safety of disability-related loading and unloading in the configuration created by the project." *Id.* at 10. The Court finds that the judicially noticed photographs raise factual questions inappropriate for the Court to decide at the pleading stage. Therefore, Defendant's motion to dismiss is denied on this issue.

### 2. Fifth Amendment Takings, Inverse Condemnation, and *Monell* Liability

Defendant next moves to dismiss two theories underlying Plaintiffs' federal and state takings claims. (ECF No. 6-1 at 5-6.) Plaintiffs raise a takings claim under the Fifth Amendment of the U.S. Constitution, municipal liability under *Monell*, and an Inverse Condemnation claim Article I, Section 19 of the California Constitution. (ECF No. 1 at ¶¶ 51-60.)

#### i.    Fifth Amendment Takings Liability and Inverse Condemnation

The Takings Clause of the Fifth Amendment to the United States Constitution states, "nor

shall private property be taken for public use without just compensation," and applies to the states through the Fourteenth Amendment. *Small Property Owners of San Francisco v. County of San Francisco*, 141 Cal. App. 4th 1388, 1395 (2006) (quoting *Penn Central Transp. Co. v. New York City*, 438 U.S. 104, 122 (1978)). "The first step in… taking analyses is to determine whether there is a property right that is protected by the Constitution." *Peterson v. U.S. Dept. of Interior*, 899 F. 2d 799, 807 (9th Cir. 1990). Property rights may arise from a source independent of the U.S. Constitution, "such as from state law, 'statutes, ordinances, regulations or express or implied contracts…'" *Public Utility District No. 1 of Chelan County v. Hairston*, 765 F. Supp. 3d 1055, 1067 (E.D. Wash. 2025) (quoting *Lucero v. Hart*, 915 F. 2d 1367, 1370 (9th Cir. 1990)).

Inverse Condemnation draws from Article I, Section 19 of the California Constitution, which provides that "a public entity must pay the owner just compensation when it takes or damages property for public use." *City of Oroville v. Superior Court*, 7 Cal. 5th 1091, 1102 (2019). Accordingly, to state a claim for inverse condemnation, a plaintiff must allege "(1) a public entity, (2) has taken or damaged their property, (3) for a public use." *Simple Avo Paradise Ranch, LLC, v. Southern California Edison Co.*, 102 Cal. App. 5th 281, 311 (2024) (citation omitted).

When both a Fifth Amendment takings claim and an Inverse Condemnation claim are pled in the same complaint, "the two clauses have generally been interpreted the same by the California Supreme Court." *Kent v. County of Yolo*, 411 F. Supp. 3d 1118, 1122 (E.D. Cal. 2018) (quoting *Wiese v. Becerra*, 306 F. Supp. 3d 1190, 1198 (E.D. Cal. 2018).

Defendant first argues that a "blight-based" theory of federal takings liability is inactionable because there is caselaw suggesting that the construction of an unsightly building, without violations of additional laws, does not amount to a taking. *Id*. citing *Oliver v. AT&T Wireless Services*, 76 Cal. App. 4th 521, 525, 532 (1999). Defendant also argues that the alleged deprivation of a parking space does not arise to a taking as a matter of law. (ECF No. 6-1 at 5-6) (citing *People ex rel. Department of Public Works v. Presley*, 239 Cal. App. 2d 309, 315 (1966)).

With respect to the appearance-based theory of liability, Plaintiffs concede that "aesthetics alone do not amount to a taking." (ECF No. 16 at 12.) However, Plaintiffs argue that the

10

Complaint alleges "not merely visual harm but a physical burden on property use and access caused by [Defendant's] public project." *Id*. The Court agrees with Plaintiffs as the Complaint only alleges "the right to reasonable use and access to [Plaintiffs'] property and the right to be free from uncompensated taking or damaging for public use" as Plaintiffs' constitutionally protected property interests. (ECF No. 1 at ¶ 52.) The Fifth Amendment takings cause of action does not appear to allege harm based on appearance of the uplift station. (*See* ECF No. 1 at ¶¶ 51-54.) Accordingly, Defendant's motion to dismiss is denied on this issue.

Plaintiffs also counter that they do not assert a property right in the loss of a parking spot, but in a general right to access their property. (ECF No. 16 at 13.) The Court agrees. In *Presley*, the California Court of Appeals for the Third District found that defendants insufficiently alleged a property right in a parking spot where a city condemned street access rights during the construction of a freeway near the defendants' home. *Presley*, 239 Cal. App. 2d, at 311, 315. As explained above, Plaintiffs do not allege a property right in a street parking spot, but rather, in reasonable use and access to their property and a general right to be free from an uncompensated taking for public use. (ECF No. 1 at ¶ 52.) Plaintiffs' allegations regarding the deprivation of a parking spot appear only to support their alleged property right to access their home. Therefore, Defendant's motion to dismiss is also denied on this issue.

ii.    *Monell* Liability

In addition to a Fifth Amendment takings claim, Plaintiffs allege Defendant is liable for injuries under *Monell*. To establish liability for governmental entities under *Monell*, 436 U.S. at 689-90, a plaintiff must plead (1) deprivation of a constitutional right; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *see also Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 617 (9th Cir. 2014). "[A] city or county may not be held vicariously liable for the unconstitutional acts of its employees under a theory of respondeat superior." *Perryman v. City of Pittsburg*, 545 F. Supp. 3d 796, 799 (N.D. Cal. 2021). A plaintiff may allege facts to support "a final policy-maker's involvement in, or ratification of, the conduct underlying the violation of rights." *Id*.

11

citing *Clouthier v. County of Contra Costa*, 591 F. 3d 1232, 1249-50 (9th Cir. 2010). Ratification theory requires "a plaintiff to show that the 'authorized policymakers' approve a subordinate's decision and the basis for it… The policymaker must have knowledge of the constitutional violation and actually approve of it." *Lytle v. Carl*, 382 F. 3d 978, 987 (9th Cir. 2004).

Defendant does not directly challenge Plaintiff's *Monell* claim outside of challenging two of Plaintiffs' takings theories in its motion to dismiss. (ECF No. 6-1 at 5-6.) Plaintiffs allege a deprivation of a constitutional right in the form of a right of reasonable use and access to their property and a right to be free from an uncompensated taking, which like its Fifth Amendment takings cause of action, does not appear to allege a blight-based theory of liability or property right in a parking spot. (ECF No. 1 at ¶ 52.) Therefore, to the extent Defendant's motion to dismiss concerns Plaintiffs' *Monell* claim, it is denied as well.

However, upon review of Plaintiffs' *Monell* claim, the Court finds it fails to plead factual allegations regarding ratification.[1] Plaintiffs allege that "upon information and belief, the decision to impose and continue the red curb, grading, access restrictions, and placement of municipal equipment adjacent to Plaintiffs' residence was made, approved, or ratified by [Defendant City of Auburn] officials exercising final decision-making authority over public works design, curb controls, and right-of-way configuration." *Id*. at ¶ 53A. The Complaint fails to name a policymaker and appears to be a formulaic recitation of a cause of action that does not pass muster under Federal Rule of Procedure 8. *See Iqbal*, 556 U.S., at 678. Therefore, Plaintiffs' *Monell* claim is dismissed with leave to amend to the extent they can allege additional facts regarding a policymaker to support a theory of ratification against Defendant.

**C. The Eugene Burger and Diamond Ridge Defendants' Motion to Dismiss**

**a. Lack of Subject Matter Jurisdiction**

The Eugene Burger and Diamond Ridge Defendants move to dismiss the Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 22 at 11-14, No. 25 at 23-27.) Both sets of Defendants argue that the FHA claims alleged against them

---

[1] *See Omar v. Sea-Land Service, Inc.,* 813 F.2d, 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6).").

are "intended solely for the Court to retain jurisdiction without any supporting factual allegations." (ECF No. 22 at 11, No. 25 at 24.) Further, Defendants suspect that the FHA claims were included due to Plaintiff Roger Myers' status as a vexatious litigant in California. *Id*. citing ECF No. 25-2 at 49. Defendants also argue that because Plaintiffs' FHA claims have no basis, the Court does not have supplemental jurisdiction over the remaining state law claims because the only other federal claim is an ADA claim raised against Defendant City of Auburn and does not arise out of the same transaction or occurrence as the FHA claims. (ECF No. 22 at 12-14, No. 25 at 25-27.)

In response, Plaintiffs argue that the Court has subject matter jurisdiction over the claims against the moving Defendants because a dismissal for want of federal jurisdiction would be a merits-based question and not a jurisdictional defect. (ECF No. 23 at 8.) With respect to the Diamond Ridge Defendants, Plaintiffs argue that the Ninth Circuit has recognized post-acquisition FHA claims against HOAs. (ECF No. 28 at 10.) Further, Plaintiffs allege the remaining state law claims against both groups of Defendants arise out of the same case and controversy, and that supplemental jurisdiction should be granted. (ECF No. 23 at 8, No. 28 at 10.)

The foregoing analysis finds Plaintiffs' FHA claims against the Eugene Burger and Diamond Ridge Defendants might be cured by amendment. Therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

### b. Failure to State a Claim

#### 1. Improper Defendant

Defendant Eugene Burger Corp. alleges in its motion to dismiss that it is an improper defendant in this action and should be dismissed without leave to amend. (ECF No. 22 at 15.) Defendant argues while it is the parent company of Defendant Eugene Burger Auburn, "it has no relation to the subject property and as it is not the management company… it does not control or maintain any of the various conditions or issues Plaintiffs set forth in their Complaint." *Id*. Those issues include allegations of HOA fees, conditions of HOA common areas, and HOA accounting records. *Id*. at 15-16.

Plaintiffs argue that the Complaint plausibly alleges involvement by both Eugene Burger Defendants. (ECF No. 23 at 10.) The Complaint alleges Defendant Eugene Burger Corp. acted as Defendant Diamond Ridge's management agent and "handled account administration, delinquency-related communications, homeowner communications, maintenance coordination, and governance-related matters affecting Plaintiffs' property and housing conditions." *Id*. Further, Plaintiffs argue that the Court is not required at the pleading stage "to untangle the internal relationship between two management entities or assign each act to a particular employee before discovery." *Id*.

"A parent company may generally not be held liable for the actions of its subsidiary, but it may be held liable if 'the subsidiary is the parent's alter ego' or if 'the subsidiary acts as the general agent of the parent.'" *Stickrath v. Globalstar, Inc*., 527 F. Supp. 2d 992, 1102 (N.D. Cal. 2007) (quoting *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd*. 328 F. 3d 1122, 1134 (9th Cir. 2003)). Further, "[a] parent company may be held liable if it participates in wrongdoing." *Id*. citing *United States v. Bestfoods*, 524 U.S. 51, 61-62 (1998). To show that the alter ego exception applies, the Complaint must allege "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or justice." *Harris Rutsky & Co*., 328 F. 3d at 1134. Likewise, to show a subsidiary is an agent of a parent company, the Complaint "must make a prima facie showing that the subsidiary represents the parent corporation by performing services 'sufficiently important to the [parent] corporation that if it did not have a representative to perform them, the [parent] corporation…would undertake to perform substantially similar services.'" *Id*. quoting *Chan v. Society Expeditions, Inc*. 39 F. 3d 1398, 1405-1406 (9th Cir. 1994).

The Complaint fails to state whether Defendant Eugene Burger Auburn was the alter ego or general agent of Eugene Burger Corp. Instead, it alleges "Defendant Eugene Burger Management Corporation… is, on information and belief, a management entity that directed or controlled HOA management services." (ECF No. 1 at ¶ 12.) Further, the Complaint lacks specific allegations showing how this Defendant personally participated in the alleged

14

wrongdoing. Defendant Eugene Burger Corp. is dismissed from this action with leave to amend to the extent Plaintiffs can state allegations to show that Defendant Eugene Burger Auburn was either its alter ego or agent, and/or whether Defendant Eugene Burger Corp. personally participated in the wrongdoing.

### 2.   FHA Claims

Defendant Eugene Burger Auburn and Diamond Ridge Defendants move to dismiss Plaintiffs' FHA claims. The FHA states that "[i]t is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. Thus, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

The FHA bars "refus[ing] to make reasonable accommodations in rules, polices, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use a dwelling." 42 U.S.C. § 3604(f)(3)(B). Also, individuals may not "coerce, intimidate, or interfere with any person in the exercise or enjoyment of… any right granted or protected by section…3604." 42 U.S.C. § 3617.

To establish a prima facie claim for discrimination under the FHA, the Complaint must demonstrate that: "(1) plaintiff's rights are protected under the FHA; and (2) "as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999).

#### i.   FHA Protected Status Claim

Plaintiffs raise their FHA claim in part under 42 U.S.C. § 3604(b). Both Eugene Burger Auburn and Diamond Ridge Defendants move to dismiss both on Plaintiffs' failure to allege a protected class and the alleged wrongful acts that are the basis of the FHA claim. (ECF No. 22 at 17, No. 29 at 9.) Plaintiffs concede that despite citing to the statute, they have not pled a protected status claim under 42 U.S.C. § 3604(b) and have only intended to plead a disability-related claim under 42 U.S.C. §§ 3604(f)(2), 3604(f)(3), and 3617. (ECF No. 23 at 11.) Therefore, the Court dismisses Plaintiffs' protected status claim with leave to amend.

15

ii.   FHA Failure to Accommodate Claim

Plaintiffs also appear to allege a failure to accommodate claim under the FHA. (ECF No. 1 at ¶ 64A). To state a discrimination claim for failure to reasonably accommodate, (1) plaintiff must suffer from a handicap as defined by the FHA, (2) defendant must have known or reasonably should have known about the handicap, (3) accommodation of the handicap "'may be necessary' to afford plaintiff an opportunity to use and enjoy his dwelling," and (4) defendant refused to make the accommodation. *McGary v. City of Portland*, 386 F. 3d 1259, 1262 (9th Cir. 2004) (quoting *Giebler v. M&B Assocs.,* 343 F. 3d 1143, 1147 (9th Cir. 2003)). Further, "in order to state a failure to accommodate claim with 'facial plausibility'... Plaintiff must allege the reasonable accommodation(s) he or she requested, and that Defendant refused the accommodation(s)..." *Moore v. Equity Residential Management, L.L.C.*, 2017 WL 5992129, at *2 (N.D. Cal. Dec. 4, 2017) (quotation omitted).

The Court agrees with both sets of Defendants that Plaintiffs' allegations "fail to plead facts suggesting that Plaintiffs made a request for reasonable accommodations," or that "Defendants refused to make reasonable accommodations." (ECF No. 22 at 17, ECF No. 25 at 14.) However, upon review of Plaintiffs' response to the order to show cause, it is at least conceivable that Plaintiffs' failure to accommodate claim could be cured. (*See* ECF No. 34); *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Therefore, the Court dismisses Plaintiffs' failure to accommodate claim with leave to amend.

iii.   FHA Interference, Coercion, or Intimidation Claim

Defendant Eugene Burger Auburn and the Diamond Ridge Defendants also move to dismiss Plaintiffs' 42 U.S.C. § 3617 claim on the grounds that Plaintiffs have "failed to tie this cited section to any facts alleged or any rights protected by the FHA that have been interfered with." (ECF No. 22 at 17-18, No. 25 at 14-15.) Plaintiffs allege both sets of Defendants violated 42 U.S.C. § 3617 by "coercing, intimidating, threatening, or interfering with Plaintiffs' FHA rights, including through lien threats and enforcement pressure following Plaintiffs' complaints and requests for equal treatment and safety/access corrections." (ECF No. 1 ¶ 65.) The Court agrees with Defendants and finds that Plaintiffs have merely recited the cause of action without

16

pleading additional factual allegations. *See Iqbal*, 556 U.S., at 678 ("A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"). The Court dismisses Plaintiffs' interference, coercion, or retaliation claim under the FHA with leave to amend to the extent that Plaintiffs can allege additional facts to support their claim.

### 3. Breach of Settlement Agreement

Defendant Diamond Ridge moves to dismiss Plaintiffs' breach of settlement agreement claim. To state a cause of action for breach of contract, a complaint must plead "(1) the contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to plaintiff therefrom." *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1971). Plaintiffs must also allege specific facts to support allegations that a breach of settlement agreement occurred. *Kane v. Delong*, 2014 WL 894587, at *4 (N.D. Cal. 2014).

Here, the Complaint fails to state factual allegations to support the claim that Defendant Diamond Ridge breached the settlement agreement.[2] (*See* ECF No. 25 at 15-18); (*see also* ECF No. 1 at ¶ 69) ("[T]he HOA materially breached the Settlement by failing to treat Plaintiffs fairly, enforce rules consistently, and maintain common areas equally…") The Court dismisses Plaintiffs' breach of settlement claim with leave to amend to the extent they can plead specific factual allegations to support the claim.

### 4. Breach of Fiduciary Duty

Defendant Eugene Burger Auburn and Defendants Diamond Ridge, Martin, and Merjano move to dismiss Plaintiffs' breach of fiduciary duty claims. "To state a claim for breach of fiduciary duty, a complaint must allege the existence of a fiduciary duty, its breach, and resulting damages therefrom." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1137 (C.D. Cal. 2003) (citing *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 483 (1998)).

Plaintiffs allege Defendants Diamond Ridge, Martin, and Merjano owed fiduciary duties

_____

[2] Defendant Diamond Ridge raises additional arguments that Plaintiffs' cause of action is time-barred and that they misstate the terms of the settlement agreement. Because the Court will be dismissing Plaintiffs' breach of settlement agreement claim for failure to state a claim with leave to amend, it declines to address Defendant's remaining arguments.

"to act in good faith, deal fairly with members, and maintain accurate books and records." (ECF No. 1 at ¶ 72.) Plaintiffs alternatively allege Defendant Eugene Burger Auburn "undertook duties regarding HOA communications, financial administration, and member account records." *Id*. Plaintiffs allege three breaches of duties by both sets of Defendants: "(1) [r]efusing to provide complete ledgers and account statements explaining Plaintiffs' alleged delinquencies and the depletion of accumulated overpayments; (2) [r]efusing to provide an accounting of $30,000 of settlement funds tendered payable to [Defendant Diamond Ridge]…; and (3) escalating enforcement and lien threats while withholding compelling production of complete accounting and record disclosures." *Id*. at ¶¶ 73(a)-(c).

Both sets of Defendants argue that Plaintiffs' allegations regarding the refusal to provide ledgers and account statements regarding their alleged delinquencies and depletion of overpayments to be inadequate because Plaintiffs do not name a duty under which these obligations arise, nor have Plaintiffs alleged how they have been harmed due to Defendants' alleged failure. (ECF No. 22 at 12, ECF No. 25 at 18.) The Court agrees and dismisses Plaintiffs' breach of fiduciary duty claim on this ground with leave to amend to the extent they can plead duties for each defendant under which this obligation would arise as well as any resulting harm.

Both groups of Defendants also argue that Plaintiffs have failed to state a claim regarding the alleged breach of fiduciary duty for not providing an accounting of the $30,000 in settlement funds because the settlement agreement signed between the parties does not include language requiring each set of defendants to distribute the funds. (ECF No. 22 at 13, ECF No. 25 at 19.) The Court will not address this merits-based argument, however, as upon review of the pleadings, the Court finds that Plaintiffs' allegations are vague and fails to state which Defendant refused to provide an accounting.[3] Therefore, Plaintiffs' breach of fiduciary claim on this ground is also dismissed with leave to amend.

Finally, both sets of Defendants argue that Plaintiffs' allegations of escalating enforcement and lien threats are vague and lacking in factual allegations. (ECF No. 22 at 13-14,

---

[3] *See Omar* 813 F.2d, at 991.

ECF No. 25 at 19.) The Court agrees. It is unable to determine which of the many defendants named in this claim made the alleged threats. Therefore, Plaintiffs' breach of fiduciary duty claim on this ground is also dismissed with leave to amend.

### 5.  Negligence

Defendants Eugene Burger Auburn, Diamond Ridge, and Green move to dismiss Plaintiffs' negligence claims. To state a claim for negligence, the complaint must show "'the defendant had a duty to use due care,' the defendant breached that duty, and the breach caused the injury.'" *Sproul v. Vallee*, 116 Cal. App. 5th 285, 294 (2025) (citation omitted).

The Complaint alleges Defendants owed Plaintiffs a duty to "maintain common areas and adjoining fencing and to address known hazards near Plaintiffs' property." (ECF No. 1 at ¶ 76.) Plaintiffs allege Defendants negligently maintained the common areas and fencing, "creating foreseeable safety risks including increased fire danger, and causing damage and harm." *Id*. at ¶ 77.  The Court agrees with Defendants that the Complaint's allegations that Defendants "negligently failed to maintain common areas," are conclusory and fail to plead a negligence claim. (ECF Nos. 22 at 15, ECF No. 25 at 21.) Therefore, the Court dismisses Plaintiffs' negligence claim to the extent Plaintiffs can plead additional facts showing Defendants' alleged breach of duty.

### 6.  Elder Financial Abuse

Defendants Eugene Burger Auburn, Diamond Ridge, Martin, and Merjano move to dismiss Plaintiffs' elder financial abuse claim. To state a claim for elder financial abuse, Plaintiffs must allege that "a person or entity '(1) takes, secretes, appropriates, obtains, or retains real or personal property,' (2) of an elder or dependent adult; (3) for the wrongful use or with intent to defraud or both or (4) assists in such a taking." *Indian Harbor Ins. Co. v. Casa De Monte Vista, LLC,* 2024 WL 3468834, at *2 (C.D. Cal. Jun. 20, 2024) (quoting Cal. Welf. & Instit. Code § 15610.30(a)(1)-(a)(2)). Claims of elder financial abuse must be made with particularity under Federal Rule of Civil Procedure 9(b). *Id*. "To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how, of misconduct charged…'" *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc*., 637 F. 3d 1047, 1055 (9th Cir. 2011).

Plaintiffs' allegations fail to meet the particularity required of Rule 9(b). Although Plaintiffs state Roger Myers is an elder (ECF No. 1 at ¶ 80), its further allegations are mere recitations of the cause of action. (ECF No. 1 at ¶ 81) ("Defendants took, appropriated, or retained Roger Myers' money… for a wrongful use, and/or with intent to defraud, and/or by undue influence"). Plaintiffs' allegations also fail because the Complaint groups each of the Defendants' actions as a whole and fails to identify whose conduct occurred when, thereby failing to satisfy the "who" requirement of the Rule 9(b) pleading standard. *Cafasso*, 637 F. 3d, at 1055. Therefore, the Court dismisses Plaintiffs' claim for elder abuse with leave to amend to the extent Plaintiffs can plead additional factual allegations to meet the standards of Federal Rule of Civil Procedure 9(b).

**LEAVE TO AMEND**

If the Court finds that a complaint or claim should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. *See Davis v. Miranda*, 2020 WL 1904784, at *2 (E.D. Cal. Apr. 17, 2020). Leave to amend should be freely granted when justice so requires, Fed. R. Civ. P. 15(a), and if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Lopez,* 203 F.3d, at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)). This opportunity to amend is not for the purpose of adding new and unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiffs are not obligated to file an amended complaint. Plaintiffs may choose to stand on the original Complaint with the Court's rulings and proceed on their ADA and Fifth Amendment takings and Inverse Condemnation claims against Defendant City of Auburn.

If Plaintiffs choose to file an amended complaint, they should focus on addressing the deficiencies in the claims being dismissed with leave to amend. Plaintiffs are informed that the Court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior

20

pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant City of Auburn's motion to dismiss:

   a.   As to Plaintiffs' ADA, Fifth Amendment Takings, and Inverse Condemnation claims (ECF No. 6) is DENIED;

   b.  As to Plaintiffs' *Monell* claim (ECF No. 6) is GRANTED with leave to amend;

2.  Defendants Eugene Burger Corp., Eugene Burger Auburn, Diamond Ridge, Green, Martin, and Marjano's motions to dismiss:

   a.  On the basis lack of subject matter jurisdiction (ECF Nos. 22, 25) are DENIED;

   b.  On the basis of an improper defendant as to Defendant Eugene Burger Corp. (ECF No. 22) is GRANTED with leave to amend.

   c.  As to Plaintiffs' FHA claims as to Defendants Eugene Burger Auburn, Diamond Ridge, Green, Martin, and Merjano (ECF Nos. 22, 25) are GRANTED with leave to amend;

   d.  As to Plaintiffs' breach of settlement agreement against Defendant Diamond Ridge (ECF No. 25) is GRANTED with leave to amend

   e.  As to Plaintiffs' breach of fiduciary duty claims against Defendants Eugene Burger Auburn, Diamond Ridge, Martin, and Merjano (ECF Nos. 22, 25) are GRANTED with leave to amend;

   f.  As to Plaintiffs' negligence claim against Defendants Eugene Burger Auburn, Diamond Ridge, and Green (ECF No. 22, 25) are GRANTED with leave to amend.

   g.  As to Plaintiffs' elder financial abuse claim (ECF Nos. 22, 25) are GRANTED with leave to amend;

3.  Plaintiffs' Complaint states an ADA, Fifth Amendment takings, and Inverse

21

Condemnation claim against Defendant City of Auburn; Plaintiffs may proceed on these claims or file an amended complaint.

4.  If Plaintiffs choose to file an amended complaint, they shall have thirty (30) days to do so from the date of this order.

5.  An amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."

6.  Failure to file an amended complaint or notify the court of the intention to stand on the Complaint as screened will result in a recommendation that this matter be dismissed.

Dated:  June 23, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7.myer.26cv0369

22