UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MYERS, et al.,<br>Plaintiffs,<br>v.<br>CITY OF AUBURN, et al.,<br>Defendants. | No. 2:26–cv–00369–DC–CKD (PS)<br><u>FINDINGS AND RECOMMENDATIONS</u><br>(ECF Nos. 39, 40) |

Pending before the court are motions to dismiss filed by defendants Diamond Ridge Estates Homeowners Association, Eugene Burger Management Corporation, Eugene Burger Management of Auburn, Linda Martin, Tony Merjano, Raymond "Ray" Green, Jackie Sterk, Alexis Miller, Jeannine Murser (collectively, "the Diamond Ridge defendants"), and the City of Auburn. (ECF Nos. 39, 40.) Plaintiffs are appearing without counsel. Pursuant to Local Rule 230(g), the court submitted the motions upon the record and briefs on file and vacated the September 23, 2026, hearing.

For the foregoing reasons, the court recommends GRANTING the Diamond Ridge defendants' motion to dismiss and GRANTING in part and DENYING in part defendant City of Auburn's motion to dismiss.

**<u>BACKGROUND</u>**

Plaintiffs Roger and LaRonda Myers allege that in 2015 they entered into a settlement

agreement with defendant Diamond Ridge Estates Homeowner's Association ("Diamond Ridge HOA") which involved a transfer of title to plaintiffs of approximately 1,200 square feet of common areas to be recorded with a concurrent boundary line adjustment. (ECF No. 38 ¶ 26.) Plaintiffs allege the adjustment was never completed. Id. ¶ 28. Plaintiffs allege that they had separately granted defendant City of Auburn a utility easement to design an upgrade to the city's sewer lift station. Id. ¶¶ 29, 31. Plaintiffs allege that preceding construction on the sewer lift station, they had informed Mengil A. Deane, the Public Works Manager for the City of Auburn of plans to build an accessory dwelling unit ("ADU") for their son, Aarron Myers, who is disabled. Id. ¶ 30. Plaintiffs allege construction began around October 2024. Id. ¶ 32. Plaintiffs allege the construction caused significant interference, including a loud ventilator fan and increased sewage odor. Id. ¶¶ 33.1-33.2. Plaintiffs allege that on or about June 12, 2025, defendant City of Auburn installed a red curb adjacent to their residence which eliminated a parking space and negatively impacted plaintiff Roger Myers, who has a mobility-related disability. Id. ¶ 34. Separately, plaintiffs allege defendant City of Auburn installed a concrete curb, which burdened their use of "usable maneuvering space." Id. ¶ 35.

Plaintiffs separately allege that they were in communication with defendant Martin, HOA president of defendant Diamond Ridge HOA, at meetings that took place on January 16, 2024, February 25, 2025, and February 24, 2026, regarding complaints of a structurally unsound common area/retention pond fence, a need for fire-resistant fencing, and fallen vegetation in common areas. Id. ¶¶ 39-40. Plaintiffs also allege they contacted defendants Sterk, Miller, and Muser, representatives of defendants Eugene Burger Management Corporation and Eugene Burger Management of Auburn ("EBM-Corp." and "EBM-Auburn"), regarding similar issues. Id. ¶ 42. Plaintiffs allege that they received responses from defendants that the matters would be taken under consideration, but that no adequate response was taken. Id. Plaintiffs also allege defendant Diamond Ridge HOA repaired or replaced fences for other neighbors and HOA board members while plaintiffs' issues remained unresolved. Id. ¶ 45.

Plaintiffs filed their original complaint on February 10, 2026. (ECF No. 1.) On June 24, 2026, the court dismissed the original complaint with leave to amend within 30 days. (ECF No.

35.) Plaintiffs filed the FAC on July 16, 2026. (ECF No. 38.) On June 29, 2026, the Diamond Ridge defendants moved to dismiss the FAC. (ECF No. 39.) On July 30, 2026, defendant City of Auburn raised a partial motion to dismiss the FAC. (ECF No. 40.) Both motions were noticed for hearing on September 23, 2026. (ECF Nos. 39, 40, 42.) Plaintiffs opposed both motions to dismiss on August 13, 2026. (ECF Nos. 44, 45.) The Diamond Ridge Defendants replied on August 21, 2026, and defendant City of Auburn replied on August 24, 2026. (ECF Nos. 49, 50.) On September 18, 2026, the court vacated the September 23, 2026, hearing and submitted the motions to dismiss without appearance and without argument pursuant to Local Rule 230(g). (ECF No. 51.)

## LEGAL STANDARDS

### A. Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. Id. However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

## DISCUSSION

Plaintiffs raise the following claims in the FAC: (1) a claim arising under Title II of the Americans with Disabilities Act ("ADA") against defendant City of Auburn, (2) a Monell claim against defendant City of Auburn; (3) an inverse condemnation and Fifth Amendment takings claim against defendant City of Auburn; (4) Fair Housing Act ("FHA") discrimination, failure to accommodate, and interference claims against defendants Diamond Ridge HOA, EMBC-Corp., EMBC-Auburn, Martin, Green, Sterk, Miller, and Muser; (5) a breach of settlement agreement against defendant Diamond Ridge HOA; (6) a breach of fiduciary duty/accounting & records

claim against defendants Diamond Ridge HOA, EMBC-Corp., EMBC-Auburn, Martin, Merjano, Green, Sterk, Miller, and Muser; (7) a negligence claim against defendants Diamond Ridge HOA, EMBC-Auburn, Martin, Green, Sterk, Miller, and Muser; and (8) an elder financial abuse claim against defendants Diamond Ridge HOA, EMBC-Corp., EMBC-Auburn, Miller, and Muser.[1]

Defendant City of Auburn moves to dismiss the FAC for failing to contain a short, plain statement of facts. Alternatively, defendant City of Auburn moves to dismiss (1) the Title II ADA claim except as to plaintiffs' red curb theory; and (2) plaintiffs' Monell claim.

The Diamond Ridge defendants move to dismiss the following defendants as improper parties: (1) EBM-Corp.; (2) defendants Martin, Merjano, and Green in both their individual capacities and as board members of defendant Diamond Ridge HOA; and (3) defendants Sterk, Miller, and Muser individually and as management representatives of EBM-Corp. Additionally, the Diamond Ridge defendants move to dismiss the FAC's (1) FHA claims; (2) breach of settlement claim; (3) breach of fiduciary duty claim; (7) negligence claim; and (8) elder financial abuse claim for failure to state a claim.

**A. Defendant City of Auburn's Motion to Dismiss**

1. Rule 8

Defendant first moves to dismiss the FAC on the grounds that it is excessively verbose and runs afoul of pleading standards outlined in Federal Rule of Civil Procedure 8. (ECF No. 40 at 3.) Federal Rule of Civil Procedure 8 requires the complaint to contain "a short and plain statement of the claim showing that [plaintiffs] are entitled to relief. Fed. R. Civ. P. 8. The FAC is 81 pages long and contains an additional 196 pages of exhibits. (See ECF No. 38.) The court declines to dismiss the FAC on the grounds of its length based on the undersigned's recommendation that several claims be dismissed without leave to amend and that plaintiffs be ordered to file a Second Amended Complaint for their remaining claims. Therefore, the court recommends denying defendant's motion to dismiss on these grounds. However, plaintiffs are

---

[1] Defendants Martin, Merjano, and Green are sued individually and in their capacities as HOA board members, and defendants Sterk, Miller, and Muser are sued individually and in their capacities as property management representatives. (ECF No. 38 at 1.)

warned that complaints in this district which were far shorter than the FAC in this case have been dismissed based on their length. See Simmons v. Akanno, 2010 WL 5186690, at *3 (E.D. Cal. Dec. 8, 2010) (dismissing a 33-page long complaint with 53 pages of exhibits for violating Rule 8 guidelines). Further, the undersigned will recommend limiting any Second Amended Complaint to 25 pages.

2. Title II ADA Claims

"To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997) (citing 42 U.S.C. § 12132). The proper defendant in an ADA action is a public entity. Vinson v. Thomas, 288 F.3d 1145, 1155-56 (9th Cir. 2002).

Defendant City of Auburn moves again to dismiss four out of five of plaintiffs' Title II theories, arguing that they are inactionable. The FAC alleges that defendant City of Auburn administers five different programs subject to a Title II ADA claim: (1) "public works design and construction"; (2) "placement and maintenance of municipal infrastructure"; (3) "permitting and processing actions relating to residential access and boundary adjustments"; (4) "access/right of way"; and (5) "curb control decisions." (ECF No. 38 ¶ 55.) Defendant City of Auburn argues that plaintiffs have failed to allege how each of these theories of liability except for curb control decisions affects their ability to access the public services offered to the public as a whole. (ECF No. 40 at 6; No 50 at 2.) Separately, defendant argues that (1) plaintiffs' public works design and construction theories of ADA liability are not public programs; (2) plaintiffs failed to allege how permitting and processing actions affect their access and mobility to state an ADA violation; and (3) plaintiffs' public right of way theory fails to state a government function with regard to the disruption of plaintiffs' maneuvering area. (ECF No. 40 at 5-6.)

In response, plaintiffs argue that the FAC alleges (1) denial of meaningful access by

reason of alleged disability; (2) defendant cannot "recast" this action as a private property dispute; (3) plaintiffs alleged reasonable modifications in response to their deprivation of access; and (4) the combined effect of plaintiffs' deprivation of access merits plaintiffs' ADA claim. (ECF No. 45 at 7-15.)

In support of its motion to dismiss, defendant cites Jackson v. City of Fort Benton, 2026 WL 84879 (D. Mont. Jan 12, 2026). In Jackson, a plaintiff filed an action against city and county defendants for alleged ADA violations resulting from a construction site near plaintiff's property. Jackson, 2026 WL 84879, at *1. The district court dismissed the ADA claim for failing to allege how the construction was tied to a discriminatory action or how the city's actions affected plaintiff's access to a benefit or service *offered to the public at large*. Id. at *3. The court held that by failing to properly allege discriminatory intent or negative impact to accessing a public program, the action could only be characterized as "a dispute over property access arising from the City's construction, which, without more, does not fall within the scope of Title II." Id. at *3.

Defendant City of Auburn first moves to dismiss plaintiffs' Title II ADA claims based on plaintiffs' theories of liability relating to public works design and construction and placement and maintenance of municipal infrastructure. Id. at 5-6. Defendant categorizes both alleged programs as "the same," and argues they are incidental to a normal government program or function, which in this case, would be maintaining a sewer lift station fenced off from the public. (ECF No. 40 at 5.) "The ADA's broad language brings within its scope 'anything a public entity does.'" Lee v. City of Los Angeles, 250 F. 3d 668, 691 (9th Cir. 2001) (citation omitted) overruling on other grounds recognized by Galbraith v. County of Santa Clara, 307 F. 3d 1119, 1125-26 (9th Cir. 2002). However, "whether a public function constitutes a public program under Title II turns 'not so much on whether a particular public function can technically be characterized as a service, program, or entity, but [on] whether it is a normal function of a governmental entity.'" Daubert v. Lindsay Unified School Dist., 760 F. 3d 982, 987 (9th Cir. 2014) (quoting Barden v. City of Sacramento, 292 F. 3d 1073, 1076 (9th Cir. 2002)). "Those experiences that are merely incidental to normal government functions are not fairly characterized as government programs." Id.

Here, it is unclear to the court how public works design and construction and placement

and maintenance of municipal infrastructure are plausible services, programs, or activities under Title II, as opposed to being incidental to defendant's efforts to fence off the sewer lift station. See Centeno v. City of Carlsbad, 2021 WL 497852, at *2 (S.D. Cal. Oct. 26, 2021) (citing Daubert, 760 F. 3d, at 987) (dismissing a Title II ADA claim where there was a failure to allege a plausible service, program, or activity). Even if public works design and construction and placement and maintenance of municipal infrastructure are plausible services, programs, or activities, the FAC fails to make allegations about the services as a whole or in its entirety to determine whether there was a denial of meaningful access. See Twede v. University of Washington, 309 F. Supp. 3d 886, 904 (W.D. Wash. 2018) (dismissing ADA claim for failure to allege plausible facts to show a denial of meaningful access). Nor does the FAC allege whether plaintiffs asked for a reasonable accommodation to enjoy these *specific* services, programs, or activities. See Duvall v. County of Kitsap, 260 F. 3d 1124, 1135 (9th Cir. 2001) (citing 28 C.F.R. § 35.160(b)(1)). Instead, like Jackson, this theory of liability strikes the court as a private property dispute that is outside of the purview of Title II. 2026 WL 84879, at *3. Therefore, the court recommends dismissal of plaintiffs' Title II theories of ADA liability of public works design and construction and placement and maintenance of municipal infrastructure on these grounds.

Next, defendant asks that the court dismiss plaintiffs' third alleged ADA public program: permitting and processing actions relating to boundary line adjustments. (ECF No. 40 at 8.) Defendant argues that it is unclear how the permitting delay described throughout the FAC could affect plaintiffs' access and mobility to allege an ADA violation. Id. Upon review of the FAC, the court agrees that like plaintiffs' public works design and construction theory, the FAC fails to include factual allegations tying plaintiff Roger Myers' mobility issues to permitting and processing actions. Therefore, the court recommends dismissing this theory of ADA liability. See Jackson, 2026 WL 84879, at *3 (dismissing ADA claim where there are no factual allegations tying alleged discrimination to public service, program, or activity).

Lastly, defendant moves to dismiss plaintiffs' allegations regarding a public right of way tied to a maneuvering space near the ADU. Id. at 6. While defendant concedes this is a normal public function, it argues instead that plaintiffs have failed to allege how their injury is tied to

access to a right-of-way. Id. The FAC alleges the placement of a concrete barrier has affected emergency vehicle access near the ADU and a "vehicle maneuvering area." Id. (citing (ECF No. 38 at ¶¶ 32.5, 32.6, 35, 58-59)). Defendant argues that the right-of-way access as applied to the public at large is to provide access from private property to an adjoining road, and that plaintiffs have failed to allege an ADA claim where they are merely impacted from accessing an area deep into their own property. Id.; (ECF No. 50 at 3).

"The compensable right of an abutting property owner is to direct access to the adjacent street and the through traffic which passes along that street." Brumer v. Los Angeles County Metropolitan Transportation Authority, 36 Cal. App. 4th 1738, 1748 (1995) (quoting People v. Riccardi, 23 Cal. 2d 390 (1943)). Upon review, the court agrees that the FAC fails to allege factual allegations tying the installation of a concrete barrier to the deprivation of right of way access to plaintiffs. It is unclear to the court how allegations regarding maneuverability in plaintiffs' ADU driveway affect their access to a public right of way. Like plaintiffs' previous three theories, plaintiffs' right of way allegations suffer from an inability to plead a deprivation of access to a benefit offered to the public at large. See Jackson, 2026 WL 84879, at *3 ("Nor does [plaintiff's] Complaint allege facts showing that the City's actions affected his access to a benefit or service the City provides to the public at large, as opposed to a private property dispute or construction-related inconvenience."). Therefore, the court recommends dismissing plaintiffs' ADA theory of liability as to the right of way.

3. Monell Claim

To establish liability for governmental entities under Monell, 436 U.S. at 689-90, a plaintiff must plead (1) deprivation of a constitutional right; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011); see also Gant v. Cnty. of Los Angeles, 772 F.3d 608, 617 (9th Cir. 2014). "[A] city or county may not be held vicariously liable for the unconstitutional acts of its employees under a theory of respondeat superior." Perryman v. City of Pittsburg, 545 F. Supp. 3d 796, 799 (N.D. Cal. 2021). A plaintiff may allege facts to support "a final policy-maker's

involvement in, or ratification of, the conduct underlying the violation of rights." *Id*. (citing Clouthier v. County of Contra Costa, 591 F. 3d 1232, 1249-50 (9th Cir. 2010)). Ratification theory requires "a plaintiff to show that the 'authorized policymakers' approve a subordinate's decision and the basis for it… The policymaker must have knowledge of the constitutional violation and actually approve of it." Lytle v. Carl, 382 F. 3d 978, 987 (9th Cir. 2004).

The court dismissed plaintiffs' original Monell claim sua sponte for failing to allege facts regarding a policymaker and to support a theory of ratification against defendant City of Auburn. (ECF No. 35 at 12.) Upon review of the FAC, the court agrees with defendant City of Auburn that plaintiffs have failed to allege ratification and have thus failed to state a Monell claim. Plaintiffs appear to allege ratification under Monell due to a combination of three events: (1) the Auburn City Council's approval of Resolution No. 23-38, which authorized the utility-easement and lift-station access framework; (2) Mengil A. Deane, Auburn Public Works Manager and later Public Works Director's decision to install the red curb; and (3) a June 15, 2025, formal complaint to the Mayor of Auburn and several local officials describing plaintiffs' grievances. (ECF No. 38 ¶¶ 62-64.) Plaintiffs have failed to allege factual allegations as to whether the Auburn City Council knew of any site-specific constitutional violations in their approval of Resolution No. 23-38. See Lytle, 382 F.3d, at 987. Further, the court agrees with defendant City of Auburn that plaintiffs' post hoc theory of ratification fails. See Christie v. Iopa, 176 F. 3d 1231, 1239 (9th Cir. 1999) ("It is well-settled that a policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval.") (citing Weisbuch v. County of Los Angeles, 119 F. 3d 778, 781 (9th Cir. 1997)).

Lastly, the court agrees with Defendant City of Auburn that plaintiffs' allegations regarding the final policy making authority of Mengil A. Deane are conclusory and fail to establish ratification. (ECF No. 40 at 8.) The FAC alleges that Deane was the "delegated final authority" for curb control decisions and was identified by an unnamed city worker as the decision-maker. (ECF No. 38 ¶ 64.) These allegations fail to allege approval of a subordinate's decision to sufficiently allege ratification. Further, to the extent plaintiffs seek to allege a theory of single-decision liability, the court finds plaintiffs fail to state a claim for being outside of the

scope of leave to amend, as plaintiffs were ordered to allege facts to support a theory of ratification. See Sepehry-Fard v. Lee, 2021 WL 6113001, at *3 (N.D. Cal. Dec. 27, 2021) (striking amended causes of action where outside of the scope of leave to amend). Thus, the court recommends dismissing plaintiffs' amended Monell claim.

**B. Diamond Ridge Defendants' Motion to Dismiss**

1. FHA Claims

The Diamond Ridge Defendants move to dismiss Plaintiffs' FHA discrimination, failure to accommodate, and interference, coercion, and intimidation claims. (ECF No. 39 at 17-22.) The FHA states that "[i]t is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. Thus, it is unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provisions of services or facilities in connection with such dwelling, because of a handicap of that person… or… any person associated with that person." 42 U.S.C. § 3604(f)(2).

The FHA bars "refus[ing] to make reasonable accommodations in rules, polices, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use a dwelling." 42 U.S.C. § 3604(f)(3)(B).

To establish a prima facie claim for discrimination under the FHA, the Complaint must demonstrate that: "(1) plaintiff's rights are protected under the FHA; and (2) "as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999).

i. *FHA Failure to Accommodate Claim*

To state a discrimination claim for failure to reasonably accommodate, (1) plaintiff must suffer from a handicap as defined by the FHA, (2) defendant must have known or reasonably should have known about the handicap, (3) accommodation of the handicap "'may be necessary' to afford plaintiff an opportunity to use and enjoy his dwelling," and (4) defendant refused to make the accommodation. McGary v. City of Portland, 386 F. 3d 1259, 1262 (9th Cir. 2004) (quoting Giebler v. M&B Assocs., 343 F. 3d 1143, 1147 (9th Cir. 2003)). Further, "in order to state a failure to accommodate claim with 'facial plausibility'... Plaintiff must allege the

reasonable accommodation(s) he or she requested, and that Defendant refused the accommodation(s)...” Moore v. Equity Residential Management, L.L.C., 2017 WL 5992129, at *2 (N.D. Cal. Dec. 4, 2017) (quotation omitted).

The Diamond Ridge defendants again move to dismiss plaintiffs’ FHA failure to accommodate claim. (ECF No. 39 at 18-21.) The court previously dismissed plaintiffs’ FHA failure to accommodate for failure to allege facts that plaintiffs made a request for reasonable accommodations. (ECF No. 35 at 16.) This time, the Diamond Ridge defendants move to dismiss for failure to state whether the requested accommodations were necessary and that defendants had notice. (ECF No. 39 at 18-22.)

To state whether a requested accommodation was necessary, “a plaintiff must allege ‘but for the accommodation, they will likely be denied an equal opportunity [i.e., equal to the opportunity afforded to non-disabled persons] to enjoy the housing of their choice.’” Escamilla v. Echelon Communities, LLC, 2023 WL 8420947, at *3 (N.D. Cal. Dec. 4, 2023) (quoting Giebler, 343 F. 3d, at 1155). Thus, the inquiry is a “‘causal link’ between the requested accommodation and the plaintiff’s disability.’” Id. (quoting Howard v. HMK Holdings, LLC, 988 F. 3d 1185, 1190 (9th Cir. 2021)).

Plaintiffs add more detail to their FHA discrimination claim in the FAC compared to the original complaint. The FAC alleges plaintiffs requested the following accommodations: (1) the replacement of a retention-pond/common area fence; (2) the removal of vegetation in an adjoining common area; (3) “timely HOA and management cooperation… to restore a safer usable maneuvering area;” (4) “meaningful HOA/management action concerning the adjoining City configuration;” and (5) “a written decision, reasonable alternative, or corrective schedule.” (ECF No. 38 ¶ 74.)

Plaintiffs appear to concede in their opposition that the latter three accommodations are insufficiently pled, but that their fire-resistant fence and vegetation requests should remain. (ECF No. 44 at 12-13.) The court finds that the FAC fails to contain allegations that plaintiffs requested an accommodation for “timely HOA and management cooperation,” “meaningful HOA action” regarding defendant City of Auburn’s construction, and a “written decision, reasonable

alternative, or corrective schedule." (ECF No. 38 ¶ 74.) The court also finds that the FAC fails to plead remaining FHA accommodation claims. The court agrees with the Diamond Ridge defendants that the FAC fails to allege a common nexus for both the replacement of the fence and removal of vegetation in common areas and plaintiff Roger Myers' mobility issues. While the FAC alleges generally plaintiff Roger Myers' mobility issues are impacted by the unaddressed accommodation requests, it fails to allege facts as to *how* the material of the current retention-pond/common area fence and removal of vegetation are "but for" causes for plaintiff Roger Myers' failure to enjoy his home on the same terms as other residents. See Escamilla, 2023 WL 8420947, at *3; but see United States v. Aqua 388 Community Association, 2023 WL 6890753, at *4 (C.D. Cal. Oct. 6, 2023) (finding a plaintiff stated sufficient facts to allege the necessity of a more accessible parking space where she established "long periods of searching for parking," and being forced to "eat dinner in [plaintiff's car], and cancel classes.") Therefore, the court recommends dismissing plaintiffs' FHA accommodation claims.

ii. *FHA Unfairness, and Interference, Coercion, or Intimidation Claims*

The Diamond Ridge defendants next move to dismiss a claim alleging unfairness in housing-related treatment. Plaintiffs allege defendants Martin, Merjano, and Green replaced their own fences at either defendant Diamond Ridge HOA's expense or through arranged maintenance. (ECF No. 38 ¶ 81.) The Diamond Ridge defendants cite excerpts in the CC&Rs to argue that it is plaintiffs' responsibility to repair their own fence and that they have alleged conclusory allegations of unfair treatment. (ECF No. 39 at 22.) Plaintiffs argue that they dispute the CC&Rs at issue and that defendants relied on a revised version of the CC&Rs to "shift responsibility" on plaintiffs while they were seeking accommodations. (ECF No. 44 at 13.) The court concludes that the FAC fails to allege factual allegations that plaintiffs' fence and common area maintenance were neglected "because of, not merely in spite of" plaintiff Roger Myers' disability and that the claims are conclusory. See Cabrera v. Alvarez, 977 F. Supp. 2d 969, 977 (N.D. Cal. 2013) (quoting Personnnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979)). Therefore, the court agrees with the Diamond Ridge defendants and recommends dismissing plaintiffs' FHA unfairness claim.

Additionally, just as in the original complaint, plaintiffs raise an FHA interference, coercion, or intimidation claim. (ECF No. 38 ¶ 83.) The court finds that plaintiffs have once again failed to plead factual allegations to support their claim. Under the FHA, individuals may not "coerce, intimidate, or interfere with any person in the exercise or enjoyment of… any right granted or protected by section… 3604." 42 U.S.C. § 3617. In support, plaintiffs allege a combination of "collection of pre-lien pressure" by defendants Diamond Ridge and EMBC entities, unattended fence and fire safety requests by defendants Martin and Green, and "no alternative process" by management contributed to a discouragement or burdening of plaintiffs' FHA rights. (ECF No. 38 ¶ 83.) The court finds that once again plaintiffs only plead "labels and conclusions," in their attempt to state an FHA interference, coercion, and intimidation claim. See Iqbal, 556 U.S., at 678. Therefore, the court recommends its dismissal.[2]

Further, the court concludes that the remaining state law claims against the Diamond Ridge defendants are unrelated to the FHA claims and recommends their dismissal without prejudice. See 28 U.S.C. § 1367(c)(3).

**LEAVE TO AMEND**

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

---

[2] See Omar v. Sea-Land Service, Inc., 813 F. 2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6)").

Here, plaintiffs were given notice of prior pleading defects and an additional opportunity to plead allegations to state an FHA and Monell claim. (See ECF No. 35.) Because the court finds plaintiffs have failed to state an FHA and Monell claim in the FAC, the court finds leave to amend to be futile and recommends dismissal of these claims without leave to amend. Additionally, the court concludes that plaintiffs cannot plead additional facts to state a deprivation of a governmental benefit or service provided to the public at large to state any one of their challenged ADA claims. See Lopez, 203 F. 3d, 1130. Therefore, the court recommends plaintiffs' theories of liability pertaining to public works design and construction, placement and maintenance of municipal utility infrastructure, permitting/processing actions, and access/right of way also be dismissed without leave to amend.

If plaintiffs elect to file an amended complaint, it shall be clearly captioned "Second Amended Complaint" and shall cure the deficiencies identified herein. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. In any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). If plaintiffs are unable or unwilling to cure the complaint's deficiencies, then plaintiffs may file a notice of voluntary dismissal.

**CONCLUSION**

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant City of Auburn's motion to dismiss the First Amended Complaint (ECF No. 40) be GRANTED in part, DENIED in part;
   a. Defendant City of Auburn's motion to dismiss the FAC for violation of Federal Rule of Civil Procedure 8 be DENIED;
   b. Defendant City of Auburn's motion to dismiss plaintiffs' Title II ADA theories of liability pertaining to public works design and construction, placement and maintenance of municipal utility infrastructure, permitting/processing actions, and access/right of way be GRANTED;
   c. Plaintiffs' Title II ADA theories of liability pertaining to public works design and

construction, placement and maintenance of municipal utility infrastructure, permitting/processing actions, and access/right of way be DISMISSED without leave to amend;

d. Defendant City of Auburn's motion to dismiss Plaintiffs' Monell claim be GRANTED;

e. Plaintiffs' Monell claim be DISMISSED without leave to amend;

2. The Diamond Ridge defendants' motion to dismiss the First Amended Complaint (ECF No. 39) be GRANTED;

a. Plaintiffs' Fair Housing Act claims be DISMISSED without leave to amend;

b. Plaintiffs' state law claims against the Diamond Ridge defendants be DISMISSED without prejudice to pursuit of those claims in state court; and

3. Plaintiffs be granted thirty (30) days to file a Second Amended Complaint. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Plaintiffs' FAC was unwieldy at 81 pages in length plus exhibits. The undersigned recommends plaintiffs be given a 25-page limit for any further amended complaint they are granted leave to file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

/////

/////

/////

/////

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 30, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, myer.26cv369